**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AIRBNB, INC., <br><br>                       Plaintiff, <br><br>       v. <br><br> THE CITY OF NEW YORK, <br><br>                  Defendant. | CIVIL ACTION NO. 1:18-cv-7712-PAE |
| HOMEAWAY.COM, INC., <br><br>                       Plaintiff, <br><br>       v. <br><br> CITY OF NEW YORK, <br><br>                  Defendant. | CIVIL ACTION NO. 1:18-cv-7742-PAE |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

PAUL A. ENGELMAYER, United States District Judge:

      The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of the above-captioned actions (each an "Action" and collectively the "Actions"), and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order—including without limitation the parties to the Actions; their attorneys, representatives, employees, agents, experts, and consultants, acting as such; all third parties providing discovery in these Actions; and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

Discovery Materials May Be Designated Confidential

1.      Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in the Actions) that is designated as "Confidential" or "Highly Confidential" (collectively, "Protected Material")pursuant to the terms of this Order shall not disclose such Protected Material to anyone else except as expressly permitted hereunder. Discovery Material shall be used solely in connection with the litigation of the Actions and for no other purpose whatsoever, including without limitation by any City official or agency in connection with any investigation of potential infractions of laws or regulations or in connection with any enforcement action by the City, provided that nothing in this Order shall (i) limit disclosure or use by a producing person of its own Discovery Material or (ii) prohibit the City, its agencies, or any of its officials or employees from utilizing Discovery Material in any enforcement action, investigation, or for any other purpose where the City, its agencies, or any of its officials or employees has obtained such Discovery Material independent of discovery in this case.

2.      The person producing Discovery Material shall state in writing at the time of production whether such material is being produced in one or both of the Actions.

3.      The person producing Discovery Material in one or both of the Actions may designate as "Confidential" any portion thereof that, in the good-faith judgment of the person designating the materials as "Confidential," contains or reveals trade secrets, competitively sensitive, technical, marketing, financial, sales, or other confidential business information; third-party personally identifiable information (other than personally identifiable information of Plaintiffs' hosts or guests), including, but not limited to, names, personal address, phone numbers, email addresses, birth dates, social security numbers, driver license numbers, and IP addresses; or information which the producing person otherwise believes in good faith to be confidential.

4.      The person producing Discovery Material in one or both of the Actions may designate as "Highly Confidential" any portion thereof that, in the good faith judgment of the person designating the materials as "Highly Confidential," meets one or more criteria for designation of "Confidential" and includes personally identifiable information of Plaintiffs' hosts or guests, including, but not limited to, names, personal address, phone numbers, email addresses, birth dates, social security numbers, driver license numbers, and IP addresses.

5.      Where the portion of Discovery Material constituting Protected Material is reasonably separable from the non-Protected Material portion, only the portion constituting Protected Material shall be so designated.  Any party that intends to use only non-Protected Material portions of a document containing Protected Material as part of a motion, deposition, or at trial, may request that the producing party provide a redacted version of that document.

2

6.      Other than deposition transcripts and exhibits, the producing person or that person's counsel shall designate Protected Material by (i) stamping or otherwise clearly marking the Protected Material as "Confidential" or "Highly Confidential" in a manner that will not interfere with legibility or audibility; (ii) identifying the Protected Material as "Confidential" or "Highly Confidential" in the "Designation" data field for all productions, if applicable; and (iii) providing any Protected Material in a separate "Protected Material" production volume, if applicable, which shall include full families of any Protected Material. Deposition transcripts and exhibits may be designated as "Confidential" or "Highly Confidential" either on the record during the deposition or in writing within thirty (30) days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" and/or "Highly Confidential Information Governed by Protective Order" by the reporter.

7.      If at any time prior to the trial of one or both Actions, a producing person realizes that some portion of Discovery Material that such person previously produced without limitation in the Action or Actions to be tried should be designated as "Confidential" or "Highly Confidential," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential" designation within five (5) business days of providing such notice.

8.      Any party may designate, as "Confidential" or "Highly Confidential," Discovery Material produced by another party without such a designation, provided that such Discovery Material contains the designating (or upward designating) party's own Confidential or Highly Confidential information. Such designation shall be accomplished by providing written notice to all receiving parties identifying the Discovery Material whose designation is to be increased. In addition, the designating (or upward designating) party shall provide all receiving parties with replacement versions of such Discovery Material that reflect the new designation.

<u>Who May Receive Protected Material</u>

9.      No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

      a.      the parties to the Action or Actions in which the Confidential Discovery Material was produced;

      b.      counsel retained specifically for the Action or Actions in which the Confidential Discovery Material was produced, including any attorney, paralegal, clerical, or other assistant employed or contracted by such counsel and assigned specifically to work on this Action or Actions;

c.       as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

d.       any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in the Action or Actions in which the Confidential Discovery Material was produced, provided such person, other than those persons set forth in subsections 9(a) and 9(c), has first executed a Non-Disclosure Agreement in the form annexed hereto;

e.       any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with the Action or Actions in which the Confidential Discovery Material was produced, and support staff working on such Action or Actions at the direction of such person, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto, and further provided that any such support staff are subject to contractual or professional duties of confidentiality with respect to such material;

f.       stenographers and video technicians engaged to transcribe or record depositions conducted in the Actions, provided such persons are subject to contractual or professional duties of confidentiality with respect to such material;

g.       independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in the Actions, including computer service personnel performing duties in relation to a computerized litigation system, provided such persons are subject to contractual or professional duties of confidentiality with respect to such material;

h.       the Court and its staff;

i.       any mediators engaged by the parties; and

j.       any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

10.   No person subject to this Order, other than the producing person, shall disclose any Highly Confidential Discovery Material to any other person whomsoever, except to:

a.       Any person permitted to receive Confidential Discovery Materials identified in paragraph 9 above, except that Highly Confidential Discovery Materials shall not be disclosed to any City employee, representative, or agent other than counsel of record for the City and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action or Actions for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder.

4

b.    Any other person whom the producing person, or other person designating the Discovery Material "Highly Confidential," agrees in writing may have access to such Highly Confidential Discovery Material.

11.    Prior to the disclosure of any Protected Material to any person referred to in subparagraphs 9(d) or 9(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that such person has read this Order and agrees to be bound by its terms. To the extent that any person referred to in subparagraphs 9(d) or 9(e) refuses to sign said Non-Disclosure Agreement, either party may apply to the Court for proper recourse including, but not limited to, an order directing that such person is subject to the terms set forth herein. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon request, prior to such person being permitted to testify (at deposition or trial), or at the conclusion of the case, whichever comes first.

12.    Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of Protected Discovery Material for use in connection with these Actions, and such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection as Protected Material designated under this Order.

13.    In the event any person having possession, custody, or control of any Protected Material produced in these Actions receives a public record request, subpoena or other process or order to produce such information, such receiving party shall promptly notify the attorneys of record of the producing party and furnish those attorneys with a copy of said pertinent public records request, subpoena or other process or order, and shall make reasonable efforts to provide such attorneys with a reasonable time to object to such disclosure.  Nothing in this Order shall be construed to require the party to whom the public record request, subpoena or other process or order is directed to give written notice where prohibited by law.

Objecting to Designations of Protected Material

14.    Any person who objects to any designation of Protected Material may at any time prior to the trial of the Action or Actions in which such Protected Material was produced serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons may raise the issue with the Court.

Filing Protected Material in These Actions

15.    Each person who has access to Protected Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.  If a party wishes to file  Protected Material with the Court, the party shall request that the Protected Material be filed under seal pursuant to Part 4.B. of Judge Engelmayer's Individual Rules and Practices in Civil Cases.

Clawback Material Provisions

16.     If, in connection with this litigation, a producing person discloses any Discovery Material, inadvertently or otherwise, that the producing person thereafter claims is protected by any privilege or protection recognized by state or federal law, or that is not responsive ("Clawback Material"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture—in this or any other federal or state action—of any claim of privilege, protection, or non-responsiveness applicable to that material or its subject matter.

17.     A producing person may notify a receiving person in writing that it has disclosed Clawback Material without intending a waiver by the disclosure and demand that it be returned or destroyed (the "Clawback Demand"). If a receiving person identifies a document or record produced by the producing person that appears to be Clawback Material, it shall promptly, upon said identification, notify the producing person of the existence of the document, including the Bates number of the document or, if no Bates number appears on the document, information sufficient to identify the document so that the producing person may make a Clawback Demand. A Clawback Demand must identify with particularity (i.e., provide the Bates numbers or information sufficient to identify the record) the material to be returned or destroyed, as well as the basis for the claim of privilege or protection.

18.     Upon identifying a document or record produced by the producing person that appears to be Clawback Material, or upon receiving a Clawback Demand from the producing person, the receiving person shall—regardless of whether the receiving person agrees with the assertion of privilege or protection—immediately cease any inspection, use or disclosure of the Clawback Material, and of any work product, analyses, memoranda or notes generated by the receiving person (and/or the receiving person's consultants, experts and/or agents) based upon the Clawback Material.

19.     Within five (5) business days of receipt of a Clawback Demand or of any notice claiming that a document is or includes Clawback Material, the receiving person, regardless of whether they agree with the assertion of privilege or protection, shall: (a) return or destroy all copies of the produced Clawback Material in their possession, custody, or control, and notify the producing party, or any other party purporting to hold a claim of privilege or protection, that they have done so; and (b) destroy all notes or other work product reflecting the content of such produced Clawback Material.

20.     The receiving person may then move the Court for an order compelling production of the Clawback Material, but that party shall not assert as a ground for entering such an order the fact or circumstances of the production, such that the party's motion for an order compelling production shall not disclose or otherwise refer to the content of the Clawback Material beyond the information set forth in a privilege log and shall not disclose that the material was subject to a Clawback Demand. The party requesting return or destruction of the produced Clawback Material shall provide this Court, upon request, with such material in connection with any motion to compel production. In the absence of an order compelling production of the Clawback Material returned or destroyed pursuant to this paragraph, said material shall not be introduced into evidence or used for any purpose.

21.     The producing person must identify any privileged or protected documents subject to a Clawback Demand on its privilege log, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A).

22.     Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the producing person that such materials have been produced.

Right to Assert Other Objections

23.     This Order shall not prejudice the rights of any party or non-party to these Actions to: (a) oppose production of any information on the ground of Attorney-Client Privilege, Attorney Work Product Doctrine, non-responsiveness, or any privilege or immunity recognized by this Court or the courts of the State of New York, nor shall it be deemed a waiver of any objection to such production; (b) object to the production of documents or information it considers to be outside the scope of discovery; or (c) object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order.

Termination of the Litigation

24.     This Protective Order shall survive the termination of each Action, including any and all appeals, and remain in full force and effect unless modified by an Order of this Court. Within thirty (30) days of the final disposition of each Action, all Protected Material produced in that Action and all copies thereof shall be promptly returned to the producing person or, upon permission of the producing person, destroyed. At the conclusion of this 30-day period, counsel for each party shall provide to the other parties a certification stating that, to counsel's knowledge and belief, the party has either returned or made commercially reasonable efforts to destroy all Protected Material in accordance with this Order. Notwithstanding the foregoing, as to those materials containing Protected Material that (a) constitute work product, (b) were filed with the Court and/or marked as trial exhibits, or (c) constitute deposition transcripts and exhibits, counsel may retain such materials if such counsel otherwise complies with the provisions of this Order with respect to such retained material.

25.     This Court shall retain jurisdiction over all persons subject to this Order for so long as such persons are in possession, custody, or control of  Protected Material and to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

<u>Modification</u>

26.     This Order may be modified only (i) in writing by the parties and approved by an order of the Court, or (ii) by motion to the Court.

<u>Severability</u>

27.     The invalidity or unenforceability of any provision of this Order shall not affect the validity or enforceability of any other provision of this Order, which shall remain in full force and effect.

SO STIPULATED.

Dated:        April 11, 2019
                New York, New York

| | |
|---|---|
| **KAPLAN, HECKER & FINK LLP** | **ZACHARY W. CARTER** |
| Attorneys for Plaintiff Airbnb, Inc. | Corporation Counsel of the City of New York |
| | Attorney for The City of New York |
| By:  /s/ Roberta A. Kaplan | By:  /s/ Karen B. Selvin |
|     Roberta A. Kaplan |     Karen B. Selvin |
|     John C. Quinn |     Carlos Fernando Ugalde Alvarez |
|     350 Fifth Avenue, Suite 7110 |     100 Church Street, Rm. 5-143 |
|     New York, New York  10118 |     New York, New York  10007 |
|     (212) 763-0883 |     (212) 356-2208 |
|     rkaplan@kaplanhecker.com |     kselvin@law.nyc.gov |
|     jquinn@kaplanhecker.com |     cugalde@law.nyc.gov |

**SULLIVAN & CROMWELL LLP**
Attorneys for Plaintiff Airbnb, Inc.

    Sharon L. Nelles
    John G. McCarthy
    125 Broad Street
    New York, New York  10004-2498
    (212) 558-4000
    nelless@sullcrom.com
    mccarthyj@sullcrom.com

**GIBSON, DUNN & CRUTCHER LLP**
Attorneys for Plaintiff HomeAway.com, Inc.

By:  /s/ Kristin A. Linsley
    Kristin A. Linsley
    Joshua D. Dick
    555 Mission Street, Suite 3000
    San Francisco, California  94105
    (415) 393-8395
    klinsley@gibsondunn.com
    jdick@gibsondunn.com

    Mylan L. Denerstein
    200 Park Avenue, Floor 47
    New York, New York  10166
    (212) 351-3850
    mdenerstein@gibsondunn.com

SO ORDERED.


Dated:
      New York, New York


_____

             PAUL A. ENGELMAYER
             United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AIRBNB, INC., | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:18-cv-7712-PAE |
| THE CITY OF NEW YORK, | |
| Defendant. | |
| HOMEAWAY.COM, INC., | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:18-cv-7742-PAE |
| CITY OF NEW YORK, | |
| Defendant. | |

## NON-DISCLOSURE AGREEMENT

I, _____ [print name], acknowledge that I have read and understand the Protective Order in these Actions governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential . I agree that (1) I will not disclose such Confidential  or Highly Confidential Discovery Material to any other person, *provided that* insofar as I have been retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel, I am permitted to disclose such Confidential or Highly Confidential Discovery Material to support staff working at my direction on this litigation, and *further provided that* any such support staff are subject to contractual or professional duties of confidentiality with respect to such material, (2) I will use such Confidential or Highly Confidential Discovery Material only for purposes of this litigation and for no other purpose whatsoever; and (3) at the conclusion of the litigation I will return all Discovery Material to the party or attorney from whom I received it or, upon permission of that party or attorney, destroy it.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:

_____
[Signature]