

**THE CITY OF NEW YORK**

| | **LAW DEPARTMENT** | |
|---|---|---|
| **ZACHARY W. CARTER** | 100 CHURCH STREET | **KAREN B. SELVIN** |
| *Corporation Counsel* | NEW YORK, NY 10007 | Phone: (212) 356-2208 |
| | | Fax: (212) 356-2019 |
| | | kselvin@law.nyc.gov |

June 6, 2019

**Via ECF**
Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 1305
New York, New York 10007

> Re:  <u>Airbnb, Inc. v. City of New York</u>, 18-cv-7712
> <u>HomeAway.com, Inc. v. City of New York</u>, 18-cv-7742

Your Honor:

  I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for Defendant City of New York in the above-entitled consolidated actions. I write to request clarification from this Court as to whether the Mayor's Office of Special Enforcement ("OSE") may submit for final publication in the City Record the proposed final rules related to the implementation of New York City Local Law No. 146 of 2018 ("final rules").[1] A copy of the final rules is annexed hereto as Exhibit A.

  The Statement of Basis and Purpose that accompanies the final rules explains that the effective date of the rules is stayed as a result of this Court's preliminary injunction ruling. Furthermore, Section 2 of the final rules provides that the rules will only take effect fifteen (15) business days after the lifting of the preliminary injunction, unless another date is ordered by the Court.

  The City submits that it should be allowed to publish the final rules at this time as such publication will provide clarity to both the Court and Plaintiffs as to the changes made by OSE to the proposed draft rules[2] based on comments received during the public comment period and at

---

[1] Local Law 146 specifically instructs the administering agency to promulgate such rules. *See* N.Y.C. Admin. Code § 26-2105(b). Accordingly, as this Court has currently enjoined Local Law 146, the City believes it prudent to seek clarification from the Court before proceeding with the publication of the final rules.

[2] A copy of the proposed draft rules was previously provided to the Court. *See* Airbnb Dkt. No. 88; HomeAway Dkt. No. 58.

the December 2018 public hearing. Such publication will also afford this Court, as well as the parties, the opportunity to address the constitutionality of Local Law 146 based on a full and complete regulatory record.

While not an exhaustive list, the City respectfully refers the Court to the following changes that are now incorporated in the final rules:[3]

1) Section 17-02(1)(g) revises the minimum anonymization method that was set forth in the proposed draft rules by replacing the reference to the last five numbers of a bank account with a statement balancing best practices and the technical capacity of the booking service to de-identify data, as well as a requirement that any de-identification of a unique account by the booking service must be consistent from report to report.

2) Section 17-06(2) clarifies that, unless otherwise required by federal, state or local law, the monthly reports to be submitted pursuant to Local Law 146 and the data contained therein will be used solely by OSE and the personnel of agencies assigned to OSE "for purposes related to the enforcement of laws relating to short-term rentals, and shall be kept confidential by [OSE] and such personnel, and shall not be revealed by [OSE] or such personnel in any other manner or under any other circumstances."

3) Section 17-06(4) clarifies that, if OSE receives a New York State Freedom of Information Law ("FOIL") request, it must consider whether disclosure "would constitute an unwarranted invasion of personal privacy, and shall deny access to those portions of the records that would constitute such an invasion if released." This section also notes that pursuant to Sections 87(2) and 89(2) of the New York State Public Officers Law, OSE may withhold identifying information and that, in the event that it is compelled by law to disclose such records without withholding identifying information, OSE must notify the impacted individuals via email prior to such disclosure.

4) Section 17-06(6) incorporates and expands upon the former Section 17-07(4) in the proposed draft rules and requires OSE to "protect the privacy and security of identifying information by implementing appropriate physical, technical and administrative safeguards, in accordance with the city's information technology security standards and requirements relating to the use, transfer and storage of confidential data[.]"

---

[3] The final rules will be set forth in Title 43 of the Rules of the City of New York.

Based on the foregoing, the City respectfully requests clarification from this Court as to whether it may publish the final rules implementing Local Law 146 in the City Record.

Respectfully submitted,

/s/

Karen B. Selvin (KS-3816)
Assistant Corporation Counsel

**Via ECF**
cc:   Plaintiffs' Counsel of Record