# EXHIBIT A

**Mayor's Office of Special Enforcement**

**NOTICE OF ADOPTION OF FINAL RULES GOVERNING REQUIRED DISCLOSURES OF SHORT-TERM RENTAL TRANSACTIONS BY BOOKING SERVICES**

**NOTICE IS HEREBY GIVEN PURSUANT TO THE AUTHORITY VESTED IN** the Mayor's Office of Special Enforcement ("OSE") by section 1043(e) of the New York City Charter ("City Charter") and Local Law 146 for the year 2018 (sections 26-2101 *et. seq.* of the Administrative Code of the City of New York), and in accordance with the requirements of section 1043 of the City Charter, that OSE promulgates and adopts Chapter 17 of Title 43 of the Rules of the City of New York, regarding reporting requirements for booking services.

These rules were proposed and published on November 16, 2018, and a public hearing was held on December 18, 2018.

## Statement of Basis and Purpose of Rule

Local Law 146 for the year 2018, enacted on August 6, 2018, establishes a new provision of law: Chapter 26 (sections 26-2101 through 26-2105) of Title 26 ("Housing and Buildings") of the Administrative Code of the City of New York.  Chapter 26 requires online, computer, or application-based platforms, or "booking services," that charge, collect, or receive fees for the use of the platform in connection with short-term rentals to report information about those transactions to the Mayor's Office of Special Enforcement. Such information includes: the physical address of the short-term rental; the location online of the advertisement that resulted in the short-term rental; information regarding the identity of the host, including contact information; and information regarding the scope of the short-term rental transaction.  The law specifies that it is to be administered by the Mayor's Office of Special Enforcement ("OSE") unless specified otherwise by executive order.

This rule implements Local Law 146 for the year 2018.  Specifically, this rule specifies the time, manner, and form of reporting by the booking services; establishes penalty provisions; establishes a process for publishing and maintaining a list of buildings exempt from the reporting requirements; and establishes a retention and disposal period for information obtained pursuant to the law.

OSE revised the proposed rule in response to comments received at the public hearing as well as written comments received during the public comment period. The final rule includes the following changes from the proposed rule:

The final rule has two sections.  Section 1 contains the substantive provisions, changed as described below.  Section 2 addresses the effective date, which at the time of the issuance of the final rules, is stayed by a preliminary injunction issued in *Airbnb, Inc. v*

*City of New York*, 18 Civ. 7712 (PAE) and *HomeAway.com, Inc. v City of New York* 18 Civ. 7742 (PAE).

§17-02 ("Reporting requirements for booking services") – minor typographic modification; in subdivision (1)(g), clarified intent of the minimum anonymization method in the proposed rules by replacing reference to the last five numbers of a bank account with a statement balancing best practices and the technical capacity of the booking service to conduct de-identification of data, and clarified that such de-identification of a unique account must be consistent between reports.

§17-03 ("Method of submission") – minor typographic modification; amended subdivisions (1) and (3) to include security requirements.

§17-05 ("Exempt transactions based on rentals occurring in certain buildings") – minor typographic modification.

§17-06 ("Privacy and security of information") – in subdivision (2), clarified allowed use by administering agency; subdivision (3), clarification and typographic modification; subdivision (4), clarification of relevant FOIL provisions under which administering agency will assess personal privacy impacts and assert basis for withholding identifying information, and addition of mandatory notification of impacted individuals via email should disclosure be required; addition of new subdivision (6) incorporating and expanding upon former section 17-07(4) to require implementation of safeguards consistent with existing city standards for data security.

§17-07 ("Retention and Disposal of Information Obtained in the Report") – minor typographic modification; removed subdivision (4) after incorporation into new section 17-06(6).

§17-08 ("No Private Right of Action") – added section stating that this chapter does not create a private right of action against the city or any agency, office or employee thereof.

<u>New material is underlined.</u>
[Deleted material is in brackets.]

"Shall" and "must" denote mandatory requirements and may be used interchangeably in the rules of this department, unless otherwise specified or unless the context clearly indicates otherwise.

**Section 1. Title 43 of the Rules of the City of New York is amended by adding a new chapter 17, to read as follows:**

## **CHAPTER 17**

# REQUIRED DISCLOSURES OF SHORT-TERM RENTAL TRANSACTIONS BY BOOKING SERVICES

**§17-01**            **Definitions**
**§17-02**            **Reporting requirements for booking services**
**§17-03**            **Method of submission**
**§17-04**            **Penalties**
**§17-05**            **Exempt transactions based on rentals occurring in certain buildings**
**§17-06**            **Privacy and security of information**
**§17-07**            **Retention and Disposal of Information Obtained in the Report**
**S17-08**            **No Private Right of Action**

## §17-01 Definitions

Administering agency. The term "administering agency" means the Office of Special Enforcement, as established under executive order number 96 for the year 2006, or such other agency as subsequently designated by executive order.

Booking Service. The term "booking service" means a person who, directly or indirectly: (1) provides one or more online, computer or application-based platforms that individually or collectively can be used to (i) list or advertise offers for short-term rentals, and (ii) either accept such offers, or reserve or pay for such rentals; and (2) charges, collects or receives a fee for the use of such a platform or for provision of any service in connection with a short-term rental.  A booking service shall not be construed to include a platform that solely lists or advertises offers for short-term rentals.

Building. The term "building" means a building as defined in the New York city building code that is located in the city.

Class B multiple dwelling. The term "class B multiple dwelling" shall have the meaning ascribed to such term in the housing maintenance code.

Directly or indirectly. The term "directly or indirectly" means a person acting directly or indirectly through any subsidiary or affiliate thereof to perform the activity described in the definition of booking service.

Dwelling unit. The term "dwelling unit" means a dwelling unit, as such term is defined in the housing maintenance code, that is located in a building within the city.

Host. The term "host" means a person other than a booking service, including a co-host, who uses a booking service to offer, manage or administer a short-term rental.

Listing. The term "listing" means an online advertisement offering a short-term rental.

Short-term rental. The term "short-term rental" means a rental for occupancy of fewer than 30 consecutive days of (i) a dwelling unit or part thereof or (ii) housing accommodations within a building.

### §17-02 Reporting requirements for booking services

1. A booking service shall submit to the administering agency a report of transactions for which it charged, collected or received a fee, directly or indirectly, for activity described in the definition of booking service, except those transactions described in §17-05 of this chapter. Each short-term rental associated with such fee is considered to be a separate transaction. Such report shall include the following information:
   a. The physical address of the short-term rental associated with such transaction, including the street name, street number, apartment or unit number, borough or county, and zip code;
   b. The full legal name, physical address, phone number and email address of the host of such short-term rental and the uniform resource locator (URL) and the individualized name and number of such host on such booking service's platform;
   c. The individualized name and number and the URL of such advertisement or listing;
   d. A statement as to whether such short-term rental transaction involved (i) short-term rental of the entirety of a dwelling unit or housing accommodations in a building or (ii) short-term rental of part of such unit or housing accommodations;
   e. The total number of days that the dwelling unit, part thereof or housing accommodations in a building were rented as a short-term rental through such booking service's platform;
   f. The total amount of fees received by such booking service for such short-term rental; and
   g. If such booking service collects rent for short-term rentals on behalf of such host, (i) the total amount of such rent received by such booking service and transmitted to such host and (ii) the account name and consistently anonymized identifier for the account number for the account used by such host to receive payments from such booking service or, if such booking service provides an explanation why such anonymized identifiers are unavailable, the account name and account number for such account, provided that a booking service shall, considering its technical capacity, de-identify the account number to the greatest extent possible so as to protect the privacy and security of the account number. De-identification of a unique account number shall be consistent from report to report.

2. In instances where such information is unavailable to the booking service, the booking service shall provide an explanation of why such information is unavailable.

3.      With the exception of the initial report submitted by a booking service, each report shall cover transactions occurring during a period that begins with the first day of a month and ends with the last day of the same month. The initial report submitted by a booking service shall cover the period that begins the day Local Law 146 of 2018 takes effect to the last day of the month following the month in which the law takes effect.

4.      A transaction related to a short-term rental that begins in one month but ends in the subsequent month shall be included in the report covering the month in which the rental concludes.

5.      The initial report shall be submitted not more than 60 calendar days after the conclusion of the initial reporting period. Following the initial report, a booking service must submit the report to the administering agency not more than 45 calendar days after the conclusion of the reporting period.

**§17-03 Method of submission**

1.      Each report shall be electronically submitted by a booking service through a secure portal accessible from the administering agency's website.

2.      The portal may require a booking service to submit contact information, including an email address, to be used by the administering agency for communications related to booking service submissions.

3.      A booking service may apply for an exception to electronic submission, indicating specifically a proposed alternate secure method of submission and the reporting period(s) for which it seeks the exception. Such exception shall be granted only in the following circumstances, and at the sole discretion of the administering agency:
   a.    the booking service has fewer than 20 hosts;
   b.    the booking service had fewer than 100 short-term rental transactions during the reporting period; or
   c.    the booking service is prevented from using the prescribed submission method based on a technical disruption that is beyond its control or another such unusual circumstance that exists.

4.      The report shall be submitted in an electronic format prescribed and published on the administering agency's website no later than the close of the initial reporting period. Reports not in compliance with the required formatting will be rejected and deemed missing, except for those booking services that were granted an exception pursuant to this section.  The administering agency shall provide at least 90 days notice before any changes to the formatting requirements take effect.  The 90-day notice shall be published on the administering agency's website and sent to all booking services who have submitted at least one report previously, via the contact information provided by the booking service.

**§17-04 Penalties**

1.     A booking service that fails to submit a report in compliance with the requirements of this chapter shall be liable for a civil penalty, to be assessed once per reporting period for each set of missing, incomplete or inaccurate records corresponding to a unique listing.

2.     In the event that a booking service's report is missing, incomplete, or inaccurate, the administering agency shall provide the booking service a written notice of deficiencies in compliance.  The notice shall include specific information regarding deficiencies in need of correction. The booking service shall have 15 business days from the date such a notice is provided to either correct the deficiency or provide a written statement explaining why the required information is unavailable or how it is complete or accurate.  The booking service shall submit the corrections or explanation in a manner directed in the notice of deficiency.   Upon the conclusion of the 15 business-day period in which a booking service may cure deficiencies, the administering agency may seek civil penalties for any continuing deficiency.

3.     The civil penalty shall not be more than the greater of $1,500 or the total fees collected during the preceding year by the booking service for transactions related to the unique listing for which there is missing, incomplete or inaccurate information being reported.  Penalties based on total fees shall not include any fees that were used to assess a previous penalty.

4.     Civil penalties established by this section may be imposed and recovered in a proceeding before the office of administrative trials and hearings or a court of competent jurisdiction.

**§17-05 Exempt transactions based on rentals occurring in certain buildings**

1.     The administering agency shall publish a list of addresses for buildings it has reason to believe at the time of such publication are class B multiple dwellings lawfully used for transient occupancy. Booking services are not required to include in reports transactions which are based on a short-term rental occurring in a building on this list, and no penalties shall be assessed based on the absence of or material deficiencies for transactions occurring at these addresses in such report.

2.     Inclusion or lack of inclusion on such list does not alter and may not be deemed to alter the legal occupancy or zoning use group of a building or portion thereof as described in the certificate of occupancy or as otherwise determined by the Department of Buildings ("DOB").

3.     The administering agency shall publish the list of exempt buildings on its website no later than 15 business days after Local Law 146 of 2018 takes effect.  The list shall be updated every six months thereafter, and published in the same location.

4.     The owner, as defined in the housing maintenance code, of a building not included on the list may apply to the administering agency for a review of the building's legal occupancy and inclusion on the list. Any individual, including, but not limited to, owners, tenants, neighbors, or civic groups may apply to the administering agency for a review of a building's legal occupancy and removal from the list.

5.     An application for inclusion on or removal from the exempt buildings list shall indicate the basis for adding or removing the building to or from the list, and must include all documents and statements supporting the application.  The application must include the currently applicable certificate of occupancy, if one is available from the DOB.  If no currently applicable certificate of occupancy is available, the application must include other relevant and applicable documentation of the current lawful uses of the multiple dwelling which the applicant is seeking to be added to or removed from the list.  Such documentation may include I-cards maintained by the Department of Housing Preservation and Development or other records maintained by the DOB regarding the subject multiple dwelling, including DOB job applications.  The supporting documents and statements shall be submitted to the administering agency in the particular format specified on the administering agency's website.

6.     The application must be accompanied by payment to the City of a $200 processing fee.  The administering agency may waive the processing fee upon request of the applicant if doing so would be in the public interest.  If an application is withdrawn before the administering agency conducts its review, partial or full refund of processing fees shall be provided upon application to the Comptroller of the City of New York, and upon verification of claim by the administering agency.

7.     The administering agency shall review all documents and statements submitted in support of the application, and may consider any other information it deems relevant.

8.     The administering agency shall notify the applicant in writing of the final agency decision within 60 days of receipt of the application.

9.     Subsequent applications for review of a previously reviewed building filed by the same applicant will only be considered if there has been a change in the legal occupancy occurring after the previous agency decision.

**§17-06 Privacy and security of information**

1.     Information submitted in the report shall be available for public review only to the extent required by federal, state and local law.

2.     Unless otherwise required by federal, state or local law, reports submitted pursuant to this chapter and information contained therein shall be used by the administering agency and the personnel of agencies assigned to such administering agency solely for purposes related to the enforcement of laws relating to short-term rentals, and shall be kept confidential by the administering agency and such personnel,

and shall not be revealed by the administering agency or such personnel in any other manner or under any other circumstances.

3.      Identifying information, as defined in section 23-1201 of the administrative code, will be collected, retained, and disclosed by the administering agency only in compliance with this chapter, in accordance with the requirements and approvals required by chapter 12 of title 23 of the administrative code, and only with all approvals required by that chapter.

4.      When receiving requests for information in the reports pursuant to the New York state freedom of information law ("FOIL"), the administering agency must consider whether disclosure of such information would constitute an unwarranted invasion of personal privacy, and shall deny access to those portions of the records that would constitute such an invasion if released. In accordance with sections 87(2) and 89(2) of the new york state public officers law, the administering agency may withhold identifying information, prior to making records available for public inspection. In the event that the administering agency is compelled by law to disclose such records without withholding the identifying information, the administering agency shall, prior to such disclosure, notify the individuals whose identifying information must be disclosed. Submission of such notice to the email address provided by the booking service for each such individual shall constitute an adequate attempt to notify the individual.

5.      When receiving demands for records pursuant to subpoena, court order, or other legal process, the administering agency must consider whether it is appropriate or feasible to seek a court order quashing, modifying, or protecting against subsequent disclosure.

6.      The administering agency shall protect the privacy and security of identifying information by implementing appropriate physical, technical and administrative safeguards, in accordance with the city's information technology security standards and requirements relating to the use, transfer and storage of confidential data, as set forth by the department of information technology and telecommunications.

**§17-07 Retention and Disposal of Information Obtained in the Report**

1.     The administering agency will retain the reports:
       a.      As long as investigations involving the information in the reports remain open; or
       b.      For a period of three years after investigations are closed, except that records involved in civil court litigation will be kept for a period of 10 years after close of the case.

2.      Records will be kept in the administering agency offices for three years after investigations are closed, and thereafter in the Records Center in the case of litigation records.

3. Booking services must retain all submitted reports for three years.

**§17-08 No Private Right of Action**

1. Nothing contained in this chapter shall be construed as creating any private right of action against the city or any agency, office or employee thereof.

§ 2.  This rule takes effect 15 business days after the lifting of the preliminary injunction issued on January 3, 2019 in *Airbnb, Inc. v City of New York*, 18 Civ. 7712 (PAE) and *HomeAway.com, Inc. v City of New York* 18 Civ. 7742 (PAE), unless another date is ordered by the court.